EHRLICH, Justice.
This disciplinary proceeding is before us on complaint of The Florida Bar and the uncontested report of the referee. We have jurisdiction, article V, section 15, Florida Constitution.
The facts underlying the Bar’s IX count complaint, to which the respondent failed to reply, occurred because the respondent simply abandoned his law practice. The Inventory Attorney appointed by the referee discovered that respondent abandoned between 150 and 250 active files without notifying his clients that he would not longer be representing their interests, taking steps to assist his clients in an orderly transition to alternative counsel or seeking leave of court to withdraw from representation where required.
A review of the Bar’s complaint reveals that respondent received retainer fees to represent clients in criminal and civil proceedings, real property transactions and probate matters. The fees paid for these never-rendered services were either not placed, or were improperly maintained, in the appropriate trust accounts. Some of the funds received were placed in respondent’s general account, and in his payroll account, in order to cover his weekly obligations.
Among the litany of transgressions alleged in the Bar’s complaint, Count III represents perhaps the most poignant example of respondent’s misconduct. After being paid a $5,000 retainer fee to represent a criminally accused in federal district court, respondent failed to show up for his client’s trial. The court’s inquiry on this matter indicated that respondent had allegedly absconded with his client’s retainer fee, leaving his client “high and dry on the eve of trial without an attorney.” The United States District Judge aptly observed that respondent’s client “experienced the worst of the legal profession through David MacKenzie ...”
The referee recommended that the respondent be found guilty of the following violations alleged in the Bar’s complaint:
Disciplinary Rules 1-102(A)(1), (3), (4), (5) & (6), 2-110(A)(l), (2) & (3), 6-101(A)(3), 7-101(A)(2) & (3), 9-102(A), 9-102(B)(3) and 9-102(B)(4) of the Code of Professional. Responsibility and article XI, Rules 11.02(3)(a), 11.02(4), 11.02(4)(b) and 11.02(4)(c) of the Integration Rule of The Florida Bar.
The referee recommended that respondent be disbarred for a period of ten years.
We adopt the recommendations of the referee. Accordingly, it is the judgment of this Court that respondent be disbarred from the practice of law in the State of Florida, effective immediately, and no application for admission to The Florida Bar may be tendered by respondent within ten years from the date hereof. Judgment for costs in the amount of $1293.24 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, SHAW and BARKETT, JJ., concur.